Irvin **RAUCHMAN,** Plaintiff-Appellant,

v.

**MOBIL CORPORATION,**
**Defendant-Appellee.**

No. 82–3531.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 3, 1983.

Decided July 6, 1984.

Rehearing Denied Sept. 25, 1984.

Richard Ganulin (argued), Columbus, Ohio, for plaintiff-appellant.

---

Kathleen A. Warwick (argued), Paul Herbst (argued), Mobil Corp., New York City, for defendant-appellee.

Before ENGEL and KEITH, Circuit Judges, and WEICK, Senior Circuit Judge.

ENGEL, Circuit Judge.

The principal issue in this appeal is whether defendant Mobil Corporation properly refused to include in its proxy statement a proposal which would amend Mobil's bylaws to prevent a citizen of an OPEC country from sitting on Mobil's board of directors. The plaintiff's claim is premised upon the existence of an implied private cause of action under section 14(a) of the Securities Exchange Act, 15 U.S.C. § 78n(a) (1982), and upon rule 14a–8 promulgated thereunder. Rauchman asserts that Mobil was required to include the proposal in the corporation's proxy statement for the 1982 annual meeting.

## I.

The plaintiff, Irvin Rauchman, owns sixty-four voting shares of Mobil stock. In 1981, pursuant to Securities Exchange Commission (SEC or Commission) rule 14a–8(a),[1] Rauchman submitted a proposed amendment to Mobil's by-laws for inclusion in Mobil's proxy statement for the company's 1982 annual meeting.

The proposal read as follows:

*Proposal:* It is resolved that the bylaws of the Corporation are amended to read as follows: Citizens of countries belonging to OPEC are not qualified for election to, or membership on, the Corporation's Board of Directors.

*Supporting Statement:* On October 31, 1980, Mobil's directors appointed a Saudi Arabian citizen to its Board of Directors. This individual reportedly has ties· to members of the present Saudi Arabian government. Saudi Arabia, of course,

makes harmful political use of its oil supply. Mobil, by appointing a Saudi Arabian to its Board of Directors, is, in effect, also approving of Saudi Arabia's activities.

Other corporations successfully transact business with OPEC countries without appointing citizens of those countries to their boards. Other means are available to obtain a working relationship with OPEC. Mobil has erred by associating with a country that has, for example, provided an abundance of cash and weapons to the Palestine Liberation Organization. A provision in Mobil's by-laws excluding citizens of OPEC countries from its Board of Directors will be a step in the right direction.

The[r]e are qualified American citizens who can contribute to the continued success of Mobil. It is unnecessary for Mobil to prostitute itself to the power of OPEC and become a silent partner to OPEC's destructive activities.

Evidently, Mr. Rauchman's concern with the presence of an OPEC citizen on the Mobil board was caused by the appointment to the board of Suliman S. Olayan, a Saudi Arabian citizen.

After receiving Rauchman's proposal, Mobil wrote to the SEC staff requesting that the staff recommend to the Commission that no action be taken if Mobil did not include Rauchman's proposal in the proxy statement. Mobil maintained in its letter to the SEC that under rule 14a–8(c)(8), which allows a company to exclude a proposal if it relates to an election to office of the company's board of directors, the proposal need not be included. Mobil took this position because Olayan was eligible for reelection at Mobil's 1982 annual meeting. The SEC staff responded with a letter indicating that it would not recommend any enforcement action to the Commission if

---

**1.** Rule 14a–8(a) provides in part that
  [i]f any security holder of an issuer notifies the issuer of his intention to present a proposal for action at a forthcoming meeting of the issuer's security holders, the issuer shall set forth the proposal in its proxy statement and

identify it in its form of proxy and provide means by which security holders can make the specification required by Rule 14a–4(b) (17 CFR 240.14a–4(b)).
  14 CFR § 240.14a–8(a) (1983).

Mobil omitted the proposal. In its letter the staff noted that

> [t]here appears to be some basis for your opinion that the proposal may be omitted from the Company's proxy material under Rule 14a–8(c)(8), since it relates to the election to office of the Company's Board of Directors. In the staff's view, the proposal and supporting statement call into question the qualifications of Mr. Olayan for reelection and thus the proposal may be deemed an effort to oppose management's solicitation on behalf of the reelection of this person. Under the circumstances, this Division will not recommend any enforcement action to the Commission if the Company omits the proposal from its proxy material.

Following the staff's determination, Rauchman brought suit in the United States District Court for the Southern District of Ohio to force Mobil to include the proposal in the Company's proxy statement. The district court assumed that Rauchman had a private right of action under section 14(a) of the Securities Exchange Act and rule 14a–8 promulgated thereunder. The court then found that Mobil properly excluded Rauchman's proposal from its proxy statement because the proposal related to an election to office.[2] The court found that the proposal was related to the reelection of Olayan to Mobil's board of directors because, had the proposal been adopted, Mr. Olayan would have been ineligible to sit on Mobil's board. Thus, the court concluded: "Rauchman's proposal . . . is clearly intended to render Mr. Olayan ineligible to serve as a Mobil director." *Rauchman v. Mobil Corp.*, No. C–1–82–174, slip op. at 8 (S.D.Ohio Aug. 4, 1982). Based on these findings the district court granted Mobil's motion for summary judgment.

## II.

We observe initially that we have substantial reservations concerning the existence of an implied private cause of action based upon a violation of rule 14a–8. We are especially uncertain in light of recent Supreme Court decisions limiting the availability of private causes of action generally. *See Universities Research Ass'n v. Coutu*, 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981); *Transamerica Mortgage Advisers, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). Furthermore, rule 14a–8 seems unrelated to prohibiting the inclusion of misleading or dishonest information in proxy statements, which is the primary object of the statute. *See, e.g., J.I. Case Co. v. Borak*, 377 U.S. 426, 431, 84 S.Ct. 1555, 1559, 12 L.Ed.2d 423 (1964) (The purpose of § 14(a) is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation."). Rather, the rule is aimed at accomplishing what would appear to us to be "at best a subsidiary purpose of the federal legislation." *Santa Fe Industries v. Green*, 430 U.S. 462, 478, 97 S.Ct. 1292, 1303, 51 L.Ed.2d 480 (1977) (quoting *Cort v. Ash*, 422 U.S. 66, 80, 95 S.Ct. 2080, 2089, 45 L.Ed.2d 26 (1975)).

Nonetheless, in *Borak*, the Supreme Court found an implied cause of action in section 14(a). Although *Borak* involved rule 14a–9, the Supreme Court, in a unanimous decision, did not premise its finding of a private cause of action upon the purpose of the rule. Rather, the Court focused on the authority conferred by Congress in enacting section 14(a):

> It appears clear that private parties have a right under § 27 to bring suit for violation of § 14(a) of the Act. Indeed, this section specifically grants the appropriate District Courts jurisdiction over "all suits in equity and actions at law

---

**2.** Rule 14a–8 allows the Company to omit a proposal and any statement in support thereof from its proxy statement and form of proxy under any of the following circumstances:

(8) If the proposal relates to an election of office;

17 CFR § 240.14a–8(c) (1983).

brought to enforce any liability or duty created" under the Act. 377 U.S. at 430–31, 84 S.Ct. at 1558–59. We note also that at least two other recent decisions by the Supreme Court have recognized an implied right of action under § 14(a). *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). We therefore assume for the purposes of this decision that an implied private cause of action exists under section 14(a), even when it is premised upon an alleged violation of rule 14a–8 rather than 14a–9.

## III.

Turning therefore to the merits of the appeal, we conclude that the district judge did not err in granting Mobil's motion for summary judgment. It was undisputed that Suliman S. Olayan, a Saudi Arabian citizen, was running for reelection to Mobil's board of directors. The election of Olayan to the board would have been forbidden by the proposed bylaw amendment, since the amendment would have made him ineligible to sit on the board. Paragraph one of the proposed comment submitted by Rauchman unmistakably and expressly referred to Olayan, although not by name. In our view, this circumstance sufficiently supports the trial judge's holding that the proposal relates to an election to office and, under the rules of the Commission, was not required to be included.

It is suggested on appeal that the proposal would have only an incidental impact upon Olayan's reelection. We disagree. As the district court noted, "Mobile stockholders could not vote for Rauchman's proposal and at the same time ratify the nomination of Mr. Olayan." *Rauchman v. Mobil Corp.*, No. C–1–82–174, slip op. at 8 (S.D.Ohio Aug. 4, 1982). By forcing the shareholders to choose between ratifying the proposal and reelecting Olayan, Rauchman's proposal could clearly be viewed as an "effort to oppose management's solicitation on behalf of" Olayan's reelection. It is a form of electioneering which Mobil was not required to include in its proxy statement.

Plaintiff suggests in his brief that if we conclude that Mr. Olayan's presence on the Mobil board of directors invalidates Rauchman's "otherwise proper proposal," the remedy would be to insert a "grandfather clause" rendering the bylaw inapplicable to Olayan. We are not aware that this suggestion was ever made to the district court or to Mobil until this appeal. We are not disposed to act on that suggestion at this late date and at this level.

Mobil argued that the proposed bylaw would transgress the laws of the state of Mobil's incorporation (Delaware) and of the state of its principal place of business (New York). Mobil also argued that Rauchman's proposal conflicts with the executive agreement of November 7, 1983, 48 Stat. 1826, between the United States and Saudi Arabia.[3] In view of our decision that the proposal relates to an election to office, it is unnecessary for us to consider Mobil's contention that the proposal could be excluded under rule 14a–8(c)(2) which permits a company to omit any proposal which, if implemented, would "require the issuer to violate any state law or federal law of the United States." 17 CFR § 240.14a–8(c)(2) (1983).

We believe that Mobil was fully within its rights in declining to submit the proposed proxy material, at least in the form proposed by Mr. Rauchman. AFFIRMED.

---

**3.** Executive agreements have been construed in some cases as being like treaties, part of the law of the land under the Supremacy Clause. *See United States v. Pink*, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796 (1942); *United States v. Belmont,* 301 U.S. 324, 330–31, 57 S.Ct. 758, 760–61, 81 L.Ed. 1134 (1937). U.S.Const. art. VI, cl. 2. *See generally Dames & Moore v. Regan*, 453 U.S. 654, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981).